19STCV12636

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Susan Bryant-Deason

Electronically FILED by Superior Court of California, County of Los Angeles on 04/11/2019 04:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barol,Deputy Clerk

WAYNE R. GROSS, State Bar No. 138828
WGross@GGTrialLaw.com
EVAN C. BORGES, State Bar No. 128706
EBorges@GGTrialLaw.com
JOSHUA M. ROBBINS, State Bar No. 270553
JRobbins@GGTrialLaw.com
LEE K. FINK, State Bar No. 216293
LFink@GGTrialLaw.com
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Plaintiffs Steven Fruchter and Fruchter & Co.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| STEVEN FRUCHTER; FRUCHTER & CO., a California corporation dba GrowthMed, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID PHILLIPS; NKP MEDICAL MARKETING, INC., a California corporation; DAVID SUIAUNOA; DOES 1-20, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **1. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** <br> **2. ASSAULT;** <br> **3. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;** <br> **4. INTERFERENCE WITH CONTRACTUAL RELATIONS** |

COMPLAINT

Plaintiffs Steven Fruchter and Fruchter & Co., doing business as GrowthMed, Inc., bring this action against Defendants David Phillips, NKP Medical Marketing, Inc., David Suiaunoa, and Does 1 through 20 (together, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Steven Fruchter ("Fruchter") was the target of a heinous murder-for-hire plot hatched by Defendant David Phillips ("Phillips") to eliminate a competitor. Phillips sought to murder Fruchter because his company, GrowthMed, Inc. ("GrowthMed"), was successfully winning over clients in the business of medical website design. To carry out his plot, Phillips recruited David Suiaunoa ("Suiaunoa"), a reputed drug dealer to whom he had lent $30,000 to support a failed narcotics enterprise. Unbeknownst to Phillips, federal agents had discovered the plot, apprehended Suiaunoa, and obtained his cooperation. After doing so, federal agents sequestered Fruchter for his protection and, working with him, created fake photographs purporting to show his beaten and bloody corpse for the purpose of convincing Phillips that Suiaunoa had carried out the murder.

2. Phillips was charged, tried, and convicted for his participation in the scheme, and thereafter sentenced to more than seven years in a federal penitentiary. According to U.S. District Judge Fernando M. Olguin, who presided over the prosecution and sentencing of Phillips, he "escalated a business dispute into a would-be death sentence."

3. Although dedicated federal agents managed to unearth and—with the assistance of Fruchter—foil the murder plot shortly before its consummation, Fruchter suffered and continues to suffer severe emotional distress as a result of Defendants' actions. Moreover, the murder plot significantly damaged GrowthMed's business, and caused substantial business losses.

4. All Defendants conspired to carry out this deadly scheme. As a result, each Defendant is jointly and severally liable for the trauma caused to Fruchter and for the other damages owed to Plaintiffs as compensation for their injuries.

///
///
///

## PARTIES

### A. Plaintiffs

5. Plaintiff Steven Fruchter ("Fruchter"), a resident of Los Angeles County, is a seasoned medical marketing executive with a storied career in cutting-edge information technology companies.

6. Plaintiff Fruchter & Co. is a California corporation doing business as GrowthMed, Inc. ("GrowthMed"), in the business of providing website design and internet marketing to companies in the medical space. Fruchter founded and serves as the CEO of GrowthMed. At all times relevant to this litigation, Fruchter was the sole owner of GrowthMed.

### B. Defendants

7. Defendant David Phillips ("Phillips"), a former resident of Los Angeles County, is the former President and Chief Executive Officer of NKP Medical Marketing, Inc., and is a former business associate of Fruchter. Phillips was recently tried and sentenced in Los Angeles federal court and is presently serving time at FMC Drevon—an administrative security federal medical center with an adjacent minimum-security satellite camp—in Ayer, Massachusetts.

8. Defendant NKP Medical Marketing, Inc. ("NKP"), is a California corporation headquartered in Los Angeles, California.

9. Defendant David Suiaunoa ("Suiaunoa") is a resident of Los Angeles County, who, according to the United States Department of Justice, has regularly engaged in trafficking illegal drugs.

10. Plaintiffs do not know the true names and capacities of defendants sued herein as Does 1 through 20, inclusive, and, therefore, sue these defendants by fictitious names pursuant to Section 474 of the California Code of Civil Procedure. Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 through 20, inclusive, when ascertained. Plaintiffs allege that each of the of the defendants named herein as Does 1 through 20, inclusive, is responsible in some manner for the injuries and damages alleged by Plaintiffs herein.

11. At all times mentioned, each of the defendants was the agent, servant, co-conspirator, or employee of each of the remaining defendants and was, in doing the things

complained of herein, acting in the course and scope of said agency, conspiracy, or employment. Defendants, and each of them, aided and abetted the others in doing the things complained of herein.

## FACTUAL ALLEGATIONS

**A.     Fruchter and Phillips's Prior Business Relationship.**

12.   Before launching GrowthMed, Fruchter worked with Phillips at NKP for approximately two years.

13.   During this time, Phillips frequently made threatening statements to Fruchter that he should never "cross" Phillips, and, on several occasions, made reference to having an enemy "taken out." Moreover, Phillips claimed to have "friends" with "AK-47's." Fruchter observed that Phillips possessed large quantities of money, including a large bag of cash. Phillips informed Fruchter that if the need arose, he would take his money and flee to Mexico.

14.   The relationship between Fruchter and Phillips soured in late 2014 as a result various of disagreements, and Fruchter left NKP. Fruchter thereafter founded GrowthMed, which competed and continues to compete directly with NKP in the digital medical marketing space.

**B.     Phillips's Systematic Harassment of Fruchter and GrowthMed.**

15.   Shortly after Fruchter's departure, several members of his family began receiving anonymous letters that contained false and defamatory information about Fruchter, including that he was a "drug addict." Phillips also sent Fruchter a long string of threatening text messages via his cell phone.

16.   In the years following the separation, Phillips and NKP attempted on several occasions to recruit individual GrowthMed clients. On at least one occasion, Phillips staked out one of Fruchter's clients and arranged a "chance" encounter outside the client's office. During the meeting, Phillips defamed Fruchter and GrowthMed and tried to recruit the client.

17.   Phillips's aggressive recruiting of Fruchter's clients, as well as his harassment of Fruchter and his family, led to several verbal altercations between Fruchter and Phillips. Following the occurrence of the final such altercation in September 2016, Phillips sent a text

message from his cell phone to Fruchter that ominously reads "don't push me." Fruchter thereafter ceased all direct communication or interaction with Phillips.

### C. Phillips's Coordination with Suiaunoa to Plot Fruchter's Murder.

18. In or about April 2016, Phillips began meeting with Suiaunoa, a drug trafficker based in Los Angeles, to plot the murder of Steven Fruchter. Unbeknownst to Phillips, the New Orleans office of Homeland Security Investigations ("HSI") was investigating Suiaunoa for drug-related crimes and, as a result, was able to intervene in the plot.

19. HSI's investigation revealed that Suiaunoa initially approached Phillips by cell phone in early 2016 to secure funding related to a new marijuana venture. In a meeting that occurred in NKP's office in Los Angeles, Phillips provided Suiaunoa with $30,000 to fund the venture. When the venture failed, Phillips told Suiaunoa that he could pay Phillips back by killing Fruchter.

20. Phillips and Suiaunoa had meetings over the next several months to discuss the murder, including at least one meeting at the offices of NKP. At that meeting, Phillips provided Suiaunoa with a photograph of Fruchter and informed Suiaunoa that he had a business dispute with Fruchter. Phillips and Suiaunoa decided that the murder would occur over the weekend of April 22-23, 2017, a time period that would facilitate Phillips's alibi.

21. On February 21, 2017, Special Agents from HSI, respectively posing as a drug trafficker and associated "hitman," met with Suiaunoa and others in Los Angeles. During the meeting, Suiaunoa made incriminating statements regarding the murder plot.

22. On April 6, 2017, the agents met again with Suiaunoa in San Diego. At that meeting, Suiaunoa provided a photograph of Fruchter, as well as his home and work address, so they could carry out the murder.

23. On April 11, 2017, Suiaunoa was arrested in Los Angeles, began cooperating with HSI, and admitted that he was acting at the behest of Phillips.

///
///
///

D.  **Federal Agents Notify Fruchter of the Plot and Involve Him in a Sting Operation.**

24. On or about April 11, 2017, federal agents approached Fruchter and explained that he was the target of a solicitation to murder. The agents instructed Fruchter to relocate his residence for safety reasons but act as "business as usual" at work so the agents could obtain additional evidence against Phillips. The agents also enlisted Fruchter to stage a fake murder. To do so, the agents created a convincing photograph depicting a bruised and bloody Fruchter slumped against a blood-spattered wall with a gunshot wound to his head.

25. On April 25, 2017, Suiaunoa—under supervision from federal agents—sent Phillips several messages from his cell phone requesting a meeting. Later that day, Suiaunoa wore a wire to a meeting with Phillips. At the meeting, Suiaunoa led Phillips to believe that the murder had been completed, provided Phillips with the staged photograph, and requested several thousand dollars of additional money to cover costs he incurred in relation to the murder. Phillips paid Suiaunoa $100 and agreed to provide additional money at a later date.

26. After the meeting, HSI agents arrested Phillips. Phillips was ultimately tried, convicted, and sentenced to more than seven years in federal prison and fined $100,000 for violating 18 U.S.C. § 1958, the murder-for-hire statute.

## FIRST CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

(By Fruchter against All Defendants)

27. Plaintiff Fruchter incorporates by reference all preceding paragraphs as though fully realleged and set forth herein.

28. Defendants' conduct in soliciting and plotting the murder of Fruchter was extreme, outrageous, and beyond all bounds of decency.

29. As was confirmed by Phillips's criminal conviction, Defendants fully intended to kill Plaintiff, and along the way acted with reckless disregard of the probability that Fruchter would suffer severe emotional distress in connection with the murder attempt.

30. As a foreseeable result of learning of the murder plot, Fruchter has suffered substantial and enduring emotional distress, and in addition, has suffered substantial business losses. Fruchter has been forced to live a life in which he must constantly "look over his shoulder."

31. Each Defendant's conduct was a substantial factor in causing Fruchter's severe emotional distress.

32. As a direct and proximate result of Defendants' conduct, Fruchter has been damaged in an amount that will be subject to proof at trial.

33. By reason of the foregoing, Defendants, and each of them, have acted with malice, oppression or fraud as defined in Section 3294 of the California Civil Code. Accordingly, an award of punitive and exemplary damages is warranted.

## SECOND CAUSE OF ACTION

### Assault

### (By Fruchter against All Defendants)

34. Plaintiff Fruchter incorporates by reference all preceding paragraphs as though fully realleged and set forth herein.

35. A civil action for assault is based upon an invasion of the right of a person to live without being put in fear of personal harm.

36. As a result of Defendants' conduct, Fruchter was harmed and was put in reasonable apprehension of personal harm.

37. Defendants' conduct was a substantial factor in causing Fruchter's harm.

38. As a direct and proximate result of Defendants' conduct, Fruchter has been damaged in an amount that will be subject to proof at trial.

39. By reason of the foregoing, Defendants, and each of them, have acted with malice, oppression or fraud as defined in Section 3294 of the California Civil Code. Accordingly, an award of punitive and exemplary damages is warranted.

///

///

## THIRD CAUSE OF ACTION

### Intentional Interference with Prospective Economic Advantage

### (By Fruchter and GrowthMed against All Defendants)

40. Plaintiffs incorporate by reference all preceding paragraphs as though fully realleged and set forth herein.

41. An economic relationship existed between the Plaintiffs and numerous third parties who were and are customers of GrowthMed, containing a probable future economic benefit or advantage to Plaintiffs.

42. Defendants knew of the existence of the economic relationships.

43. Defendants engaged in a pattern of harassment against Fruchter, entered a criminal conspiracy to plot Fruchter's murder, and attempted to murder him by attempting to hire a professional hitman, all for the purpose of interfering and disrupting Plaintiffs' relationships with GrowthMed's clients.

44. Defendants undertook their illegal scheme with the intent to interfere with and disrupt Plaintiffs' relationships with GrowthMed's clients, and with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of their actions.

45. The economic relationships between Plaintiffs and GrowthMed's clients were actually interfered with and disrupted.

46. As a direct and proximate result of Defendants' conduct, Fruchter and GrowthMed have been damaged in an amount that will be subject to proof at trial.

47. By reason of the foregoing, Defendants, and each of them, have acted with malice, oppression or fraud as defined in Section 3294 of the California Civil Code. Accordingly, an award of punitive and exemplary damages is warranted.

## FOURTH CAUSE OF ACTION

### Interference with Contractual Relationship

### (By Fruchter and GrowthMed against All Defendants)

48. Plaintiffs incorporate by reference all preceding paragraphs as though fully realleged and set forth herein.

49. Contracts existed between Plaintiffs and numerous third parties who were and are customers of GrowthMed, containing a probable future economic benefit or advantage to Plaintiffs.

50. Defendants knew of the existence of these contracts.

51. Defendants engaged in a pattern of harassment against Fruchter, entered a criminal conspiracy to plot Fruchter's murder, and attempted to murder him by attempting to hire a professional hitman, all of which prevented Plaintiffs' performance of the contracts and caused such performance to be more expensive and burdensome.

52. Defendants undertook their illegal scheme with the intent to interfere with Plaintiffs' performance under their contracts.

53. The contracts between Plaintiffs and GrowthMed's clients were actually interfered with and disrupted.

54. As a direct and proximate result of Defendants' conduct, Fruchter and GrowthMed have been damaged in an amount that will be subject to proof at trial.

55. By reason of the foregoing, Defendants, and each of them, have acted with malice, oppression or fraud as defined in Section 3294 of the California Civil Code. Accordingly, an award of punitive and exemplary damages is warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendants as follows:

1. Compensatory damages in accordance with proof at trial;
2. Punitive and exemplary damages.
3. For costs of suit and attorneys' fees as permitted by law; and
4. For such other and further relief as the Court may deem just and proper.

///
///
///
///
///

## Jury Trial Demand

Plaintiffs demand a trial by jury against Defendants for all the causes of action set forth in this Complaint.

DATED: April 11, 2019          GREENBERG GROSS LLP

By:     */s/ Evan C. Borges*
        Wayne R. Gross
        Evan C. Borges
        Joshua M. Robbins
        Lee K. Fink
        Attorneys for Plaintiffs Steven Fruchter and Fruchter & Co.